THE STATE INVESTMENT & INSURANCE COMPANY OF SAN FRANCISCO, Respondent, v. WILLIAM C. QUINLAN, Appellant.

Kansas City Court of Appeals, January 30, and April 3, 1893.

Principal and Agent: WHOSE AGENT: CONTRACT: BOND. H., as general agent of plaintiff for the state, entered into a contract with S., making him district agent. S., with defendant as security, gave bond to plaintiff for the faithful discharge of his duties. *Held*, S. was the agent of plaintiff and not of H., and defendant was liable on the bond for S.'s default, and it can make no difference that plaintiff's president and attorneys thought H. and not S. ought to be held.

*Appeal from the Jackson Circuit Court.*—HON. JOHN W. HENRY, Judge.

AFFIRMED.

*Peak & Ball*, for appellant.

(1) The evidence shows that there was no privity of obligation whatever between plaintiff and Starr. The test of privity is mutuality of obligation, which is wholly wanting here. *Lindsay v. Machine Co.*, 4 Mo. App. 570; *Stephens v. Babcock*, 3 B. & A. 354; *Trafton v. United States*, 3 Story C. C. 646; *Hoover v. Wise*, 91 U. S. 308; *Homan v. Ins. Co.*, 7 Mo. App. 22; *Hill v. Morris*, 15 Mo. App. 322; Mechem on Agency, sec. 197, and note. (2) The above is the construction which the plaintiff itself placed upon the contracts, and it is

bound by that construction. *Matthews v. Donaby*, 26
Mo. App. 660, 663; *Brewing Co. v. Waterworks Co.*,
34 Mo. App. 49, 56; *Gaslight Co. v. St. Louis*, 46 Mo.
128. (3) President Brander, who for the purposes of
the case is the plaintiff, stated under oath that Starr
owed plaintiff nothing, and that plaintiff had and
asserted no claim against him. This is conclusive,
though a dozen general agents asserted the contrary,
unless the court would insist on giving a plaintiff judg-
ment, while plaintiff was insisting that defendant owed
him nothing. 3 Wharton on Evidence [1 Ed.] secs.
837, 1110.

*Campbell & Ryan* and *James F. Mister*, for respond-
ent.

GILL, J. — From March, 1889, to April, 1890,
Holland & Pratt of St. Louis, Missouri, were plaintiff's
general agents in the conduct of its insurance business
in the states of Missouri and Kansas. The evidence
tends to show that those general agents had authority
to appoint such local agents in their territory as they
(the general agents) might think best. Under this
authority one Peter D. Starr was appointed as agent
at Kansas City, the limits of his territory extending to
the counties of Jackson and Clay, in Missouri, and
Wyandotte county, in Kansas. At the time of his
appointment, Starr and the general agents entered into
a contract in writing, purporting on its face to be made
"between Holland & Pratt of St. Louis, Missouri, gen-
eral agents for the State Investment Company of San
Francisco, of the first part, and P. D. Starr of Kansas
City of the second part," etc., whereby the said Starr
was appointed district agent of the plaintiff, etc. The
agent's duties are then set out with some particularity,
his compensation named, and it is provided that he

shall be subject to the general supervision and control, not only of the general agents, but of said insurance company. The written contract is signed by Holland & Pratt, as general agents of the company, and Peter D. Starr, for himself.

To secure the faithful performance of Starr as agent, the general agents, Holland & Pratt, required a bond, and thereupon Starr furnished the same in the penal sum of $1,000 with defendant Quinlan as security. The bond was made to the plaintiff State Investment & Insurance company, and was in the form usual in such cases. When Starr severed his connection with the company he was found to be in default in about the sum of $800, and for this delinquency this action was brought against Quinlan, his surety. The cause was tried by the court without a jury; judgment was first entered in defendant's favor, but on the plaintiff's motion the court granted a new trial, and from this order the defendant appealed.

I. The defense in this case seems to rest on the theory that there was no privity of contract between Starr, the local agent at Kansas City, and the plaintiff insurance company; that said Starr was a sub-agent or appointee of Holland & Pratt, and to them alone responsible, owing no duty to this plaintiff; and, therefore, said bond, given by Starr, with Quinlan as his surety, was without consideration and non-enforceable. We cannot assent to this view of the case. In determining the relations existing between local agent Starr and the plaintiff company, we ought to consider all the circumstances. Holland & Pratt, general agents at St. Louis, seem to have been expressly authorized, in conducting the business of the company, to appoint sub-agents at different points throughout the two states. In the absence of express authority it would seem such power ought to be implied from the very nature of the

business. It is a matter of common knowledge that insurance business cannot be secured and successfully prosecuted except through the instrumentality of local solicitors on the ground in different towns and cities of the country. More than this, from the evidence it appears that Starr's license or certificate of authority from the insurance department of Missouri was procured on the requisition of this plaintiff; and, in the contract entered into between the general agents and Starr, the latter's conduct in every particular was made subject to the supervision of the company. Besides when we construe together the two instruments—that is, Starr's contract of employment and the bond in suit —it very clearly appears that the parties intended to be bound, were Starr on the one side and the plaintiff insurance company on the other. Holland & Pratt assumed to be acting for their principal, and this was well known by Starr. If not, why did he and this defendant enter into a bond which recited Starr's engagement as agent for the plaintiff, and why was the bond expressly made payable to the insurance company? It matters nothing that Starr as local or district agent was required to report to the general agents, and that they only kept account with the plaintiff. This was a mere matter of convenience. Nor does it matter that during the term of Starr's employment (November, 1889) he (Starr) had paid over in excess of the amount he owed the company. It is enough to say that when he relinquished the work there was a deficiency—that he had failed to pay over all the moneys he had collected as he should have done.

Neither does it concern the disposition of this case that the president of the company at the trial gave it as his legal opinion that Holland & Pratt and not Starr ought to be held for the amount of Starr's default. Nor does it concern us that the company's attorney at

St. Louis thought otherwise, and that in his opinion said Holland & Pratt were not liable therefor.

The case is simply this: Starr, as agent for plaintiff company, collected of its moneys $817.87 more than he accounted for. By the terms of his bond defendant stands obliged to make this good. He has refused, and there ought to be a judgment in plaintiff's favor for that amount with six per cent. interest from date of demand.

The circuit court was right in setting aside its judgment for defendant and sustaining the motion for a new trial, and its judgment in that regard will be affirmed. All concur.